UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

COREY OFFUTT                                                          PLAINTIFF

v.                                             CIVIL ACTION NO. 3:13CV-751-S

WALMART STORES EAST, LP                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Corey Offutt, to remand this action to the Jefferson County, Kentucky, Circuit Court. For the reasons set forth herein, the motion will be denied.

In accordance with Kentucky law, Offutt did not plead an amount in controversy in the complaint. The defendant, Wal-Mart Stores East, LP, removed the action to this court after receiving Offutt's response to Wal-Mart's first set of interrogatories which identified damages totaling $77,745.00, and future lost wages yet to be determined.

Offutt now seeks remand, stating that "in support of this stipulation [as to the amount in controversy], [plaintiff] hereby clarifies the amount of his demand, and states that same is $75,000.00." DN 9. He states that he will neither seek nor accept in excess of $75,000.00.

Wal-Mart objects to remand, urging that Offutt cannot now reduce his demand below the statutory threshold in order to vitiate this court's jurisdiction.

In reply, Offutt offers verified "supplemental responses" to the first set of interrogatories in which he indicates that his damages total $47, 745.00 and that he is not seeking future lost wages. DN 13-1, p. 2. The reply brief notes that Offutt reviewed and verified the "supplemental responses,"

and candidly states that the initial responses to interrogatories were prepared and provided by defense counsel without review by Offutt.

Thus "Corey Offutt's Supplemental Responses" is a misnomer. In fact, the document appears to be Offutt's first response to interrogatories, and his only itemization of damages, as he apparently had no involvement in answering the interrogatories initially.

As noted in *Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13CV-46-TBR, 2013 WL 3280244, *2-3 (W.D.Ky. June 27, 2013):

> As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." § 1446(c)(2)(A)(ii). Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." § 1446(c)(2)(B). These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings. *See* Ky.R.Civ.P. 8.01(2), 54.03(2). Therefore, the first issue that must be addressed is whether the Defendants have shown that it is more likely than not that the amount in controversy exceeds $75,000...In regard to the second issue at hand...this court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for § 1332 jurisdiction. *ee, e.g., Spence v. Centerplate*, ___F.Supp.2d ___, 2013 WL 1163991, at *2 (W.D.Ky. Mar. 21, 2013). Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor*, 2013 WL 4593409, at *3 (*citing Egan v. Premier Scales & Sys.,* 237 F.Supp.2d 774, 778 (W.D.Ky. 2012).

There is no stipulation executed by the plaintiff accompanying the motion to remand. *See Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013)("'[s]tipulations must be binding' because they amount to an 'express waiver made...by the party or his attorney conceding for purposes of the trial the truth of some alleged fact.'"). Therefore, as the filings addressing remand are insufficient to constitute a binding stipulation upon which remand may be based, **IT IS**

**HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Corey Offutt, for remand (DN 9) is **DENIED.**

**IT IS SO ORDERED.**

February 18, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**