UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


COREY OFFUTT                                                          PLAINTIFF


v.                                                    CIVIL ACTION NO. 3:13CV751-S


WALMART STORES EAST, LP                                               DEFENDANT


**<u>MEMORANDUM OPINION</u>**


This matter is before the court on motion of the plaintiff, Corey Offutt, for reconsideration

of the court's memorandum opinion and order denying his motion to remand the action to the

Jefferson County, Kentucky, Circuit Court.

In that opinion, the court found that Offutt's "Supplemental Responses" filed with his motion

to remand constituted his first and only itemization of damages in the case, evidencing that his

damages total $47, 745.00.  The court denied remand, however, as Offutt failed to file a binding

stipulation with his motion upon which the court could base a remand of the action.

Offutt has now submitted a binding stipulation and again seeks remand.  In the sworn

statement he states:

> I am not making a claim over $75,000.00 in the above reference [sic] matter, to date
> my damages are as follows:  $7,745.00 for past medical expenses, $10,000.00 for
> future medical expenses and $30,000.00 for both past and future pain and suffering.
> I hereby stipulate and agree that my claimed damages will not exceed $75,000.00,
> nor will I ask the jury for more that $75,000, nor will I accept more than $75,000
> from any jury verdict.

This statement surely meets the requirement of a clear and unequivocal stipulation limiting any

potential judgment in the case.  Further, the court previously rejected the argument that this

stipulation constitutes a reduction rather than a clarification of Offutt's damages.  *See* DN 15, p. 2

(Supplemental Responses were Ofutt's first response to interrogatories and his only itemization of

damages).

Walmart has expressed some concern that the stipulation may not be watertight in state court.

We reiterate what we have stated in similar cases.  While an unscrupulous party might seek to abuse

the process, this court is placing absolute reliance upon counsel's statement limiting damages as an

essential component of our order of remand.  While the court has no doubt as to the unequivocal

statement of the plaintiff, we note that any attempt to void the commitment will be considered to be

sanctionable conduct and may justify re-removal.  *See, VanEtten v. Boston Scientific*, 2009 WL

3485909, *2 (W.D.Ky. Oct. 23, 2009); *Moore v. Humana Insurance Company*, No. 3:11CV-46-S,

DN 14.

Therefore, motion having been made and for the reasons set forth herein and the court being

otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion

of the plaintiff, Corey Offutt, to reconsider the court's order denying his motion toremand (DN 5)

is **GRANTED** and this action is **REMANDED TO THE JEFFERSON COUNTY, KENTUCKY,**

**CIRCUIT COURT, DIVISION THIRTEEN (13), FOR ALL FURTHER PROCEEDINGS.**

There being no just reason for delay in its entry, this is a final order.


**IT IS SO ORDERED.**

April 10, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**